Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-66

| PASEO CARIBE PARKING, LLC, **PASEO CARIBE COMMERCIAL, LLC** <br><br> **Peticionaria** <br><br><br> v. <br><br><br> CONSEJO DE TITULARES DEL CONDOMINO BAHÍA PLAZA <br><br> Recurrida | TA2025CE00653 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan <br><br> Caso Núm.: SJ2022CV03814 (Sala: 908) <br><br> Sobre: Incumplimiento de Contrato, Cobro de Dinero Ordinario |
|---|---|---|

Panel especial integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece Paseo Caribe Commercial, LLC (PCC) vía *certiorari* y solicita que revoquemos la *Resolución Interlocutoria* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 18 de septiembre de 2025. En dicho dictamen, se determinó la continuación de los procedimientos, ya que queda pendiente la adjudicación de la cuantía a pagar por el Consejo de Titulares del Condominio Bahía Plaza. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, el caso trata de una demanda por incumplimiento contractual, cumplimiento específico y cobro de dinero. Según el expediente, y en lo pertinente a nuestra determinación, la PCC adquirió

la titularidad del centro comercial ubicado en el Condominio Bahía Plaza mediante la Escritura Pública Núm. Tres (3) del 26 de febrero de 2020. No obstante, mediante una demanda radicada el 13 de mayo de 2022, PCC alegó que el Consejo de Titulares ha incumplido en pagar las obligaciones adscritas a éste por la Escritura Pública Núm. Cuatro (4) del 3 de junio de 2015.

Luego de varios trámites procesales, la PCC solicitó sentencia sumaria parcial y especificó que, para el 15 de junio de 2023, el Consejo de Titulares le adeudaba una suma no menor de ciento treinta y ocho mil novecientos noventa y tres dólares con sesenta y cinco centavos ($138,993.65). Ante la oposición del apelado, el Tribunal recurrido dictó sentencia sumaria parcial a favor del Consejo de Titulares. Consecuentemente, la apelante recurrió ante el Tribunal de Apelaciones y, mediante una *Sentencia* en el caso KLAN202400817, se dictó sentencia sumaria parcial a favor de la parte apelante. Posterior al Tribunal de Apelaciones resolver sin lugar a la solicitud de reconsideración de la parte apelada—la cual incluyó argumentos sobre cómo la cantidad monetaria alegadamente adeudada por el Consejo de Titulares estaba todavía en controversia—dicha parte recurrió vía *certiorari* ante el Tribunal Supremo, el cual denegó expedir el recurso. Igualmente, el Tribunal Supremo resolvió sin lugar a las eventuales mociones de reconsideración del apelado.

Advenido final y firme la *Sentencia* del Tribunal de Apelaciones, la PCC presentó una *Moción de ejecución de sentencia en cumplimiento con el mandato del Apelativo* y solicitó que la parte apelada pagara la deuda que, para el 30 de mayo de 2025, sumaba a doscientos setenta mil novecientos sesenta y cuatro dólares con veinte cuatro centavos

($270,964.24). En oposición, la parte apelada alegó que la *Sentencia* del Tribunal de Apelaciones no adjudicó una suma líquida para el cobro reclamado, por lo cual no corresponde la ejecución de sentencia solicitada por la apelante. Entre tanto, dicha parte apelada argumentó que no se le puede privar al Consejo de Titulares de su propiedad mediante embargo sin brindarle la oportunidad de cuestionar la cuantía y requerir que la PCC produzca la evidencia de la fórmula utilizada para llegar a la suma reclamada.

Evaluadas las referidas mociones, el Tribunal recurrido resolvió sin lugar la solicitud de ejecución de sentencia, esto por la *Sentencia* del Tribunal de Apelaciones no proveer suma alguna a pagar. Ante la moción de reconsideración de la PCC, el Tribunal recurrido insistió en que quedaba pendiente determinar la cuantía a pagar, por lo cual dispuso la continuación de los procedimientos judiciales.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) determinar que en el caso de autos queda pendiente determinar la cuantía a pagar por la parte apelada; (2) obviar el hecho de que cuando el TA dictó sentencia sumaria parcial, dispuso de la totalidad del pleito, incluyendo las sumas adeudadas; (3) obviar el hecho de que la determinación de las sumas adeudas fue parte de los hechos incontrovertidos; (4) pasar por alto que el cálculo de las sumas adeudadas por el Consejo de Titulares fue parte de los asuntos que se atendieron mediante la solicitud de sentencia sumaria parcial, por lo cual es cosa juzgada. En oposición, el apelado argumenta que (1) la *Sentencia* del Tribunal de Apelaciones no adjudica la cuantía reclamada por la PCC; (2) dicho dictamen solamente se limita a revocar la *Sentencia Sumaria Parcial* del Tribunal recurrido, sin

entrar a la cantidad adeudada por el Consejo de Titulares; y (3) el recurso de *certiorari* no cumple con los requisitos esbozados en nuestro ordenamiento.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Sabido lo anterior, y pertinente al presente caso, el Tribunal de Apelaciones deberá utilizar los mismos criterios que el Tribunal de Primera Instancia al determinar la correspondencia de una sentencia sumaria, aunque estará limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Por tanto, nuestro Tribunal deberá examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están

incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Ahora bien, la doctrina de cosa juzgada procura poner fin a los litigios luego de los tribunales adjudicarlos de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante las resoluciones judiciales y así evitar gastos adicionales al Estado y a los litigantes. *Presidential v. Transcaribe*, 186 DPR 263 (2012) (citando a *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827 (1993)). Asimismo, una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación presentada, sino también en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad de ser oída. *Comisión v. González Freyre et al.*, 211 DPR 579 (2023) (citando a *Marrero Rosado et al. v. Marrero Rosado*, 178 DPR 476 (2010)).

Por otro lado, para ejecutar una sentencia para el pago de una suma de dinero, se deberá ordenar un mandamiento de ejecución. Regla 51.2 de Procedimiento Civil, *supra*. Dicho mandamiento deberá especificar los términos de la sentencia y la cantidad pendiente de pago. Íd. Mediante este proceso, se imprime continuidad a una sentencia cuando la parte obligada incumple con sus términos. *Mun. San Juan v. Prof. Research*, 171 DPR 219 (2007) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Ed. Michie de PR, 1997, pág. 453).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción. En la solicitud de

sentencia sumaria parcial de la parte peticionaria, se hizo referencia a una cantidad variable, es decir, una suma no menor de ciento treinta y ocho mil novecientos noventa y tres dólares con sesenta y cinco centavos ($138,993.65). A pesar de que el Tribunal de Apelaciones, caso KLAN202400817, determinó ha lugar la moción de sentencia sumaria parcial, dicho dictamen no determinó una cuantía específica, por lo que la determinación del Tribunal de Primera Instancia de continuar con los procedimientos para dirimir con precisión la cuantía en cuestión resulta razonable y dentro del ámbito apropiado de su discreción.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones